James R. ALDERSON, Appellant,

v.

Karen ALDERSON n/k/a Karen Huber, Appellee.

No. 05–10–01394–CV.

Court of Appeals of Texas, Dallas.

Oct. 27, 2011.

James R. Alderson, Dallas, pro se.

James E. Cousar, Janelle Lauren Davis, Thompson & Knight LLP, for Appellee.

Before Justices MORRIS, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice MORRIS.

In this appeal from a summary judgment, James R. Alderson contends the trial court erred in concluding his bill of review was barred by the statute of limitations. Alderson contends the statute of limitations does not apply because the underlying judgment made the subject of the bill of review was rendered without due process and is, therefore, void. Alderson further contends the trial court erred in not permitting him to conduct discovery before granting the summary judgment against him. Concluding Alderson's arguments are without merit, we affirm the trial court's judgment.

### I.

Karen Alderson, now known as Karen Huber, filed a lawsuit against James Alderson in 1989 seeking to recover on a promissory note. It is undisputed that Alderson was served with process and filed an answer in the suit. On November 8, 1989, Huber filed a motion for summary judgment and on January 11, 1990 the trial court granted the motion. The final judgment ordered, among other things, that Huber recover $50,000 in liquidated damages from Alderson.

Alderson asserts he was given no notice of the motion for summary judgment, the hearing on the motion, or the fact that a judgment was rendered. The certificate of service on the motion shows that it was mailed to 6445 Freeport Parkway. Alderson's correct work address was 8445 Freeport Parkway.[1] Although the certificate of conference states that Huber's attorney

contacted Alderson to discuss the motion, Alderson denies this occurred.

The Dallas County District Clerk issued a writ of execution for the judgment on January 30, 1990. The writ listed Alderson's correct work address, but was returned by the constable "nulla bona." Huber also filed an abstract of judgment in the Dallas County judgment records on February 12, 1990. The District Clerk issued a second abstract of judgment on December 22, 1999 that was filed in the Dallas County judgment records on December 28. A second writ of execution was issued on January 5, 2000. This writ correctly listed both Alderson's work address and his home address, but the writ was again returned nulla bona.

The judgment became dormant on January 5, 2010. Huber filed an application for writ of scire facias to revive it. On May 6, the trial court granted Huber's application and ordered that the original judgment signed on January 11, 1990 was revived for all purposes.

In response to the revival of the judgment, Alderson filed an original petition for bill of review asserting that the judgment was void because it was obtained in violation of his right to due process. Alderson contended he had no notice of the judgment and that he believed the case had been dropped in response to his threat to file a cross-action. Huber answered and filed a motion for summary judgment arguing that Alderson's bill of review was filed outside the limitations period. The trial court granted Huber's motion for summary judgment, and this appeal ensued.

### II.

Alderson presents three issues on appeal generally contending the trial

---

1. Huber's discovery requests to Alderson were also mailed to the incorrect address.

court erred in applying the statute of limitations to his bill of review and in failing to allow him adequate discovery. A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. *See King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003). Although it is an equitable proceeding, the fact that an injustice may have occurred is not sufficient to justify relief by bill of review. *See Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 927 (Tex.1999). A bill of review is proper only where a party has exercised due diligence to pursue all adequate legal remedies against a judgment and, at the time the bill is filed, there is no adequate legal remedy available because, through no fault of the petitioner, extrinsic fraud, accident, or mistake precludes presentation of a meritorious claim or defense. *See King Ranch,* 118 S.W.3d at 751–52.

■ Alderson filed his bill of review approximately 20 years after the trial judge signed the judgment made the subject of the bill. In general, a petition for bill of review must be filed within four years of the date of the judgment. *See Layton v. Nationsbanc Mortg. Corp.,* 141 S.W.3d 760, 763 (Tex.App.-Corpus Christi-Edinburg 2004, no pet.). The only exception to this limitations period is when the petitioner proves extrinsic fraud. *Id.* Accordingly, once the limitations period has passed, a showing of accident or mistake will no longer suffice.

■ Extrinsic fraud is fraud that denied the petitioner the opportunity to litigate fully all the rights or defenses that could have been asserted at trial. *See King Ranch,* 118 S.W.3d at 752. Such fraud must be purposeful in nature. *See Layton,* 141 S.W.3d at 763. There must be proof of some deception practiced by the respondent, collateral to the issues in the case. *See King Ranch,* 118 S.W.3d at 753;

*Bakali v. Bakali,* 830 S.W.2d 251, 255 (Tex.App.-Dallas 1992, no writ).

In this case, Alderson failed to provide any evidence to show that Huber engaged in a purposeful act of deception. Although the motion for summary judgment was mailed to the wrong address, Alderson made no showing that this was anything other than a mistake or accident. There is nothing in the record to show that Huber actively tried to prevent Alderson from knowing about the judgment. Indeed, the record shows that shortly after the judgment was rendered, Huber obtained a writ of execution and a constable attempted to execute on the judgment at Alderson's workplace. In addition, Huber made the judgment a matter of public record within a month after it was signed.

■ Even if Alderson's bill of review could be read as alleging extrinsic fraud, Alderson failed to show that it was Huber's actions, rather than his own inaction, that denied him the opportunity to present a meritorious claim or defense within the limitations period. *See Phillips v. Hopwood,* 329 S.W.2d 452, 455–59 (Tex.Civ. App.-Houston [1st Dist.] 1959, writ ref'd n.r.e.). Alderson was fully aware that a suit was pending against him. *Cf. Dispensa v. University State Bank,* 987 S.W.2d 923, 927–28 (Tex.App.-Houston [14th Dist.] 1999, no pet.). His subjective belief that Huber had dropped the case is insufficient to raise a fact issue. *See Hopwood,* 329 S.W.2d at 459. Absent any showing that Alderson was prevented from litigating his rights and defenses by extrinsic fraud, we conclude the trial court properly held the bill of review was barred by limitations as a matter of law. *See Sotelo v. Scherr,* 242 S.W.3d 823, 828–29 (Tex.App.-El Paso 2007, no pet.).

■ Alderson contends the statute of limitations should not be applied in this

case because the judgment against him is void. He argues the record shows a lack of notice and, therefore, the judgment was made in violation of his right to due process. This allegation constitutes a collateral attack on the judgment. *Id.* at 829–30. To prevail on a collateral attack, Alderson must show that the judgment is void on its face and extrinsic evidence may not be used. *See Toles v. Toles,* 113 S.W.3d 899, 914 (Tex.App.-Dallas 2003, no pet.). A judgment is void only if the court had no jurisdiction over the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Id.* Alderson has made no argument that the judgment, on its face, shows the trial court lacked jurisdiction or capacity. Accordingly, Alderson's collateral attack must fail, and the trial court did not err in granting the summary judgment.

 Finally, Alderson asserts in one sentence that "[i]t was error for the trial court, in effect, to quash timely Discovery Requests, by conducting a Summary Judgment hearing." Alderson provides no argument or authority to support his contention. Issues that are inadequately briefed are waived on appeal. *See* Tex.R.App. P. 38.1. Furthermore, Alderson does not point to anywhere in the record where he objected to or obtained a ruling on the trial court's alleged denial of discovery. Accordingly, Alderson has failed to preserve error. *See* Tex.R.App. P. 33.1.

Based on the foregoing, we resolve Alderson's three issues against him. We affirm the trial court's judgment.