

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00660-CV

**IN THE INTEREST OF J.A.E.**

From the County Court at Law No. 2, Webb County, Texas
Trial Court Nos. 2011CVQ002377-C3 & 1995CVS001672-C3
Honorable Jesus Garza, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 3, 2015

AFFIRMED

In December of 2011, Jorge Garcia filed a petition for bill of review in the underlying cause seeking to set aside an order entered in February of 1996 which established Garcia's paternity of J.A.E.  The Office of the Attorney General filed a no-evidence motion for summary judgment asserting no evidence existed to support each element of Garcia's bill of review claim.  The trial court granted the OAG's motion and denied the relief requested in Garcia's amended petition for bill of review.  On appeal, Garcia contends the OAG's motion did not give fair notice of the elements it was challenging, and the trial court erred in granting the motion.[1]

---

[1] Garcia also contends the trial court abused its discretion in basing its ruling on the affirmative defense of limitations. The OAG concedes a no-evidence summary judgment would be improper on the affirmative defense of limitations. *See Foreman v. Whitty*, 392 S.W.3d 265, 279-80 (Tex. App.—San Antonio 2012, no pet.); *Pollard v. Hanschen*, 315 S.W.3d 636, 639 (Tex. App.—Dallas 2010, no pet.); *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.).  However, the OAG further asserts, "nothing in the record shows that the trial court based its judgment on the affirmative defense of limitations."  Having reviewed the record, we note the OAG's

## FORM OF MOTION

Garcia contends the OAG's motion failed to give "fair notice" of which elements of his bill of review were being challenged. We disagree.

In a no-evidence motion for summary judgment, the movant "must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i); *see also Thomas v. Omar Invs., Inc.*, 156 S.W.3d 681, 685 (Tex. App.—Dallas 2005, no pet.) (noting motion must specify which elements lack supporting evidence). The elements a bill-of-review plaintiff must plead and prove are: (1) a meritorious defense to the underlying cause of action; (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake; (3) unmixed with any fault or negligence on his own part. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751-52 (Tex. 2003). The OAG's motion specifically lists each of these elements as lacking supporting evidence;[2] therefore, the OAG's motion was in proper form. *See King Ranch, Inc.*, 118 S.W.3d at 752 (noting motion asserted there was no evidence of the defendant's alleged extrinsic fraud or the plaintiffs' lack of negligence); *Doonan v. Wood*, 224 S.W.3d 271, 273-74 (Tex. App.—El Paso 2005, no pet.) (holding motion that specifically enumerated each of the elements of the causes of action as to which there was no evidence was not defective).

---

attorney expressly raised and argued the issue of limitations at the hearing on the OAG's motion, limitations was extensively discussed at the hearing, and both parties addressed limitations in the supplemental briefing requested by the trial court. Nevertheless, we agree the trial court signed a broad order that does not specify the basis for its ruling. Therefore, because the trial court's order does not establish that it erroneously based its ruling on the affirmative defense of limitations and we uphold the trial court's ruling on a different basis, Garcia's contention is overruled.

[2] The motion states, "There is no evidence to support the following elements of *GARCIA's* claim for a bill of review:
      a. that the judgment being challenged in the bill of review petition was the result of accident, mistake, extrinsic fraud, or other wrongful act of the opposite party.
      b. that *GARCIA* has a meritorious defense to the cause of action in the suit that led to the judgment being challenged in the bill of review petition.
      c. that the rendition of the judgment being challenged, or its becoming final, was not at least partly the result of *GARCIA's* own negligence."

**FRAUD, ACCIDENT, OR WRONGFUL ACT OF OPPOSING PARTY**

One of the elements Garcia was required to prove to prevail on his bill of review was that he was prevented from making his meritorious defense due to the fraud, accident, or wrongful act of a party or by official mistake. As previously noted, the OAG specifically stated no evidence existed to support this element.

A.    Standard of Review

"A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *King Ranch, Inc.*, 118 S.W.3d 750-51. "Accordingly, we review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences." *Id*. at 751. "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *Id.* "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id*. (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id*. (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

B.    Applicable Law

"Fraud in relation to attacks on final judgments is either extrinsic or intrinsic," but "[o]nly extrinsic fraud will support a bill of review." *King Ranch, Inc.*, 118 S.W.3d at 752. "Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *Id*. "Such fraud must be purposeful in nature." *Alderson v. Alderson*, 352 S.W.3d 875, 878 (Tex. App.—Dallas 2011, pet. denied). "There must be proof of

some deception practiced by the [other party], collateral to the issues in the case." *Id*. Extrinsic fraud "is fraud that occurs in the procurement of a judgment." *Layton v. Nationsbanc Mortg. Corp.*, 141 S.W.3d 760, 763 (Tex. App.—Corpus Christi 2004, no pet.); *see also K.B. Video & Elec., Inc. v. Naylor*, 847 S.W.2d 401, 406 (Tex. App.—Amarillo 1993, writ denied) (noting extrinsic fraud "refers to the manner in which the judgment was procured"); *Lambert v. Coachmen Indus. of Tex., Inc.*, 761 S.W.3d 82, 87 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (same).

### C.    Garcia's Evidence

As evidence supporting this element of his bill of review claim, Garcia relied on his affidavit stating he was incarcerated from July 31, 1995 to July 3, 2000, from December 13, 2000 to December 18, 2000, and from July 13, 2001 to July 18, 2009. To "determine what had occurred at the [1996] hearing," Garcia stated that he visited the OAG's office on three occasions: (1) in September of 2000, he was told the matter was under review; (2) in February of 2001, he was advised to return in 90 days; and (3) on July 18, 2009, he was advised to retain an attorney. With regard to these visits, Garcia stated he "was given the run around having relied on their answer to me that they would be looking into the case, therefore I believe they acted wrongfully in this matter."

At the hearing on the OAG's motion, Garcia's attorney referred to a letter Garcia sent to the OAG's office in November of 1997, in which Garcia denied knowing J.A.E.'s mother and requested paternity testing. The OAG objected to the letter as being untimely filed. The trial court did not rule on the OAG's objection, and the letter was attached to Garcia's supplemental brief filed in the trial court.

D.    Analysis

Construing Garcia's evidence in the light most favorable to him, we accept Garcia's statement that the OAG's office misled him on the three occasions he visited. Even accepting this statement, however, Garcia's affidavit contains no evidence of any wrongful act by the OAG that resulted in the procurement of the 1996 order. *See Layton* 141 S.W.3d at 763; *K.B. Video & Elec., Inc.*, 847 S.W.2d at 406; *Lambert*, 761 S.W.3d at 87. Instead, each of Garcia's visits occurred after the 1996 order was already procured. In addition, even if the 1997 letter was considered as evidence by the trial court, this letter also was sent after the 1996 order was entered. Therefore, Garcia offered no evidence of any purposeful deception practiced by the OAG prior to the entry of the 1996 order that deprived Garcia of the opportunity to fully litigate his defenses to the establishment of his paternity at trial. *See King Ranch, Inc.*, 118 S.W.3d at 752; *Alderson*, 352 S.W.3d at 878. Accordingly, the trial court did not err in granting the OAG's motion.[3]

## CONCLUSION

Although Garcia may believe an injustice has been done, the Texas Supreme Court has explained, "The grounds on which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *King Ranch, Inc.*, 118 S.W.3d at 751. This policy readily applies in this case where Garcia filed his petition for bill of review fifteen years after the 1996 order was entered. The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

---

[3] Because we hold the trial court did not err in granting the OAG's motion based on this element of Garcia's bill of review claim, we do not further analyze the other two elements of Garcia's claim that also were challenged in the OAG's motion. *See* TEX. R. APP. P. 47.1 (providing opinion should address only those issues necessary to final disposition of the appeal).