**Affirmed and Opinion Filed October 25, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00036-CV

### JOHN C. GOLFIS AND JULIE NGUYEN, Appellants
### V.
### EDWARD "LANNY" HOULLION, INDIVIDUALLY AND AS GENERAL PARTNER OF HOULLION FAMILY, LP, AND HOULLION FAMILY, LP, Appellees

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-13053**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Appellee Houllion Family, LP (HFLP) leased space to Seikilos Holdings LLC. Later, HFLP agreed to invest $30,000 in Seikilos Holdings and to forgo collecting rent in exchange for an interest in the company. HFLP eventually sued Seikilos Holdings and its principals, appellants John C. Golfis and Julie Nguyen, alleging among other things that they defrauded HFLP and misappropriated money from Seikilos Holdings.

After a nonjury trial, the trial court held Golfis and Nguyen liable on several liability theories. Golfis and Nguyen appealed and filed a pro se brief that essentially repeated their new trial motion. Concluding that their issues are inadequately briefed or without merit, we affirm.

# I. BACKGROUND

## A. Fact Findings

The trial court found the following facts:

Golfis and Nguyen managed and controlled two companies: Seikilos Holdings, LLC and its wholly owned subsidiary Seikilos Fx Studios, LLC.

In October 2011, HFLP leased commercial property to Seikilos Holdings.

By March 2012, Seikilos Holdings had missed one or more rental payments. On 8 March, HFLP made an agreement with Seikilos Holdings, Golfis, and Nguyen whereby HFLP invested $30,000 in Seikilos Holdings and agreed to forgo over $48,000 in rent that otherwise would have been due under the lease. In exchange, Golfis and Nguyen promised that HFLP would receive a 15% interest in Seikilos Holdings. Golfis and Nguyen made false representations that induced HFLP to enter the agreement. They also withheld material information from HFLP, such as Golfis's long record of arrests and criminal convictions.

HFLP never received the promised 15% interest in Seikilos Holdings. Moreover, Golfis and Nguyen took money from Seikilos Holdings and Seikilos Fx for their own personal use. In the trial court's words, they used the companies "as their personal piggy bank."

## B. Procedural History

Seikilos Holdings sued HFLP and appellee Edward "Lanny" Houillion on several claims including breach of the lease.

HFLP brought a separate lawsuit against Golfis, Nguyen, and both Seikilos companies. HFLP sued Golfis and Nguyen for fraud, fraud by nondisclosure, Texas Securities Act violations, contract breach, declaratory judgment, and fiduciary breach. HFLP also asserted derivative claims on Seikilos Holdings' behalf against Golfis and Nguyen for fiduciary breach and conversion.

–2–

The two suits were consolidated, and the trial court conducted a three-day nonjury trial.

After trial, HFLP sought leave to file a supplemental petition adding contract breach and declaratory judgment claims against Seikilos Holdings. The trial court granted leave and rendered a judgment for HFLP against Golfis, Nguyen, and the Seikilos companies. The court also signed fact findings and legal conclusions.

Golfis, Nguyen, and the Seikilos companies timely filed a new trial motion, after which the trial court vacated its judgment and its findings and conclusions.

HFLP filed a motion for leave to file a second supplemental petition adding a request for permanent injunctive relief, which the trial court granted.

The trial court thereafter rendered an amended judgment for HFLP. The judgment awarded HFLP $161,099.38 in actual damages, holding Golfis, Nguyen, and the Seikilos companies jointly and severally liable for that amount. The judgment also awarded HFLP $250,000 in exemplary damages against each of Golfis and Nguyen. The judgment also awarded HFLP about $216,000 in attorneys' fees through trial, conditional appellate fees, and declaratory and injunctive relief. Golfis, Nguyen, and Seikilos Holdings took nothing on their claims against HFLP and Houillion.

The trial court also made amended fact findings and legal conclusions. All references to fact findings and legal conclusions in this opinion refer to the amended findings and conclusions.

Golfis, Nguyen, and the Seikilos companies timely filed a joint notice of appeal through counsel. Their attorney later filed a motion to withdraw, which we granted. We gave the Seikilos companies time to identify new counsel, but they never did. Accordingly, we dismissed them from this appeal because limited liability companies must appear through counsel. *See* Order (Dec. 22, 2015) (citing TEX. R. CIV. P. 7; *Kunstoplast of Am., Inc. v. Formosa Plastics*

–3–

*Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam)).[1]  Golfis and Nguyen filed a joint pro se brief.

## II.  ANALYSIS

Texas Rule of Appellate Procedure 38.1(f) requires the appellant's brief to "state concisely all issues or points presented for review."  TEX. R. APP. P. 38.1(f).  Appellants' brief does not contain a list of issues or points, but we will address the issues we can discern within the arguments.  *See Reule v. M&T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. filed) (construing pro se appellant's brief "liberally to reach her appellate issues on the merits, where possible").

### A.     Are the fact findings supported by legally or factually insufficient evidence?

Appellants attack the sufficiency of the evidence to support some of the trial court's 117 fact findings.  Their attacks fail for the reasons discussed below.

#### 1.     Additional Background

Our analysis requires a brief additional explanation of the judgment and fact findings.

The judgment awarded HFLP two distinct amounts as actual damages.  First, it awarded $78,618 as actual damages for each of the following claims:

(i)     fraud;
(ii)    fraud by nondisclosure;
(iii)   Texas Securities Act rescission;
(iv)    contract breach; and
(v)     Texas Uniform Fraudulent Transfer Act.

The $78,618 figure represents HFLP's $30,000 investment plus unpaid rent.

Second, the judgment awarded $82,481.38 as actual damages for each of the following claims:

(vi)    fiduciary breach committed against HFLP;

---

[1]     Order available online at http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=b0b4e14c-c69c-4f56-b19c-6cb06d92b276&coa=coa05&DT=Order&MediaID=86e9635b-cd19-41c8-8237-8443e931a67d.

(vii) fiduciary breach committed against Seikilos Holdings; and

(viii) conversion committed against Seikilos Holdings.

The $82,481.38 figure represents Seikilos funds that appellants either took or spent on personal expenses.

The judgment stated that HFLP could recover no more than $78,618 in total on its first five claims, and no more than $82,481.38 in total on its last three claims.

The trial court made fact findings that support the eight claims listed above. That court also found by clear and convincing evidence that appellants acted with fraud, malice, and gross negligence, thus supporting the exemplary damages awards.

### 2. The $78,618 Award

The trial court based the $78,618 award equally and independently on five distinct claims. Although appellants attempted to challenge various findings supporting all five of those claims, we conclude that we need discuss only one—HFLP's fraud claim. As shown below, appellants did not adequately challenge the fraud findings, so they cannot show error in the $78,618 award. *See Creech v. Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 411 S.W.3d 1, 6 (Tex. App.—Dallas 2013, no pet.) ("An appellant must attack all independent bases or grounds that fully support a judgment."); *Kasper v. Meadowwood Ranch Estates, Inc. Prop. Owners Ass'n*, No. 05-07-00982-CV, 2008 WL 3579379, at *2 (Tex. App.—Dallas Aug. 15, 2008, no pet.) (mem. op.) (affirming because appellants inadequately briefed their challenge to one independent basis for the judgment).

Findings 14, 16, 17, and 18 support the fraud claim. In finding 14, the trial court found that (i) appellants knowingly or recklessly made material false representations to HFLP, (ii) appellants intended to induce HFLP to rely on those representations, and (iii) HFLP reasonably relied on those representations by investing $30,000 and forgoing $48,618 in rent. In findings 16 through 18, the trial court found that (i) appellants also made false promises of future

–5–

performance with no intention to perform them, (ii) the promises were material, and (iii) HFLP reasonably relied on the promises by investing $30,000 and forgoing $48,618 in rent.

Although appellants attempt to challenge the sufficiency of the evidence supporting findings 14, 17, and 18, their briefing is inadequate and presents nothing for review. An argument must be supported by both appropriate citations to legal authorities and record references. TEX. R. APP. P. 38.1(i). This rule is essential to our justice system because "we would be abandoning our role as judges and become an advocate for that party" if we were to undertake our own search for authorities or evidence that might favor a party's position. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Consequently, a brief fails if it lacks record references or legal authority that can be applied to the facts. *Id*. at 896.

Appellants' attack on the fraud findings contains no legal authorities or record references. Moreover, although their argument contains conclusory assertions about the trial evidence, they provide no record references—much less the required "direct references to the record that are precise in locating the fact[s] asserted." *Id*. Accordingly, appellants' sufficiency challenges to the fraud findings fail.

Because appellants do not properly challenge the fraud findings, and because those findings independently support the $78,618 actual damages award, we need not consider appellants' sufficiency challenges regarding the other four claims supporting that award.[2]

---

[2] Appellants also argue that one finding within finding 14 contradicts subsequent findings. We must reconcile conflicting fact findings if we can. *See In re S.R.O.*, 143 S.W.3d 237, 241 (Tex. App.—Waco 2004, no pet.). Here, the findings are reconcilable. In finding 14(a), the court found that appellants falsely represented that Seikilos Holdings "owned certain valuable technology and intellectual property." In subsequent findings, the court found that appellant fraudulently transferred "Seikilos Intellectual Property," a defined term referring to certain specific intellectual property. The findings can be reconciled by (i) construing finding 14(a) to refer to intellectual property that Seikilos Holdings did not in fact own and (ii) construing the later findings to refer to different intellectual property that Seikilos Holdings owned but transferred away.

### 3.    The $82,481.38 Award

The trial court based the $82,481.38 award equally and independently on three different claims (fiduciary breach against HFLP and against Seikilos Holdings, and conversion against Seikilos Holdings). The essential findings supporting these claims are findings 27, 28, 34, 37, and 38. Appellants purport to challenge all five findings, but their attack on findings 34, 37, and 38 is a bare conclusion, so we disregard it.[3] *See In re M.A.S.*, 233 S.W.3d 915, 924 (Tex. App.—Dallas 2007, pet. denied) ("Failure to provide substantive analysis waives an issue on appeal."); *Bolling*, 315 S.W.3d at 896.

In finding 27, the trial court found that appellants—without authority and without any legitimate business reason or any benefit to the companies—spent on personal expenses at least $14,502.38 belonging to the Seikilos companies. In finding 28, the trial court found that appellants withdrew at least $67,979 from bank accounts belonging to the Seikilos companies, again without authority or any benefit to the companies.

Appellants contend that the evidence supporting findings 27 and 28 is insufficient, and they support their contention with assertions about what the evidence did and did not show. But these assertions are not supported with any record references. "If record references are not made . . ., the brief fails." *Bolling*, 315 S.W.3d at 896. Accordingly, we reject appellants' sufficiency challenges to findings 27 and 28 as inadequately briefed

We thus conclude that appellants' sufficiency challenge to the $82,481.38 actual damages award presents nothing for review.

---

[3] Appellants did not adequately brief challenges to the trial court's judgment awarding HFLP damages for appellants' fiduciary breaches against either of the Seikilos entities. We therefore do not address that part of the judgment.

### 4. The Findings of Fraud, Malice, and Gross Negligence

In findings 55, 56, and 57, the trial court found that there was clear and convincing evidence that appellants' fraud, malice, and gross negligence caused HFLP's harm. Appellants assert that these findings are supported by insufficient evidence, but their assertions are bare conclusions without supporting argumentation or record references. Accordingly, they present nothing for us to review. *See In re M.A.S.*, 233 S.W.3d at 924; *Bolling*, 315 S.W.3d at 896.

### 5. Conclusion

Appellants have not adequately briefed their sufficiency challenges to findings 14, 17, 18, 27, 28, 34, 37, 38, 55, 56, and 57. Because these findings are adequate to support the judgment, we need not discuss appellants' sufficiency attacks on the other findings.[4]

### B. Did the trial court err by admitting evidence of Golfis's criminal history and other bad acts?

Based on rules of evidence 403 and 609, Appellants assert that the trial court erred by admitting evidence of Golfis's criminal history and other bad acts. As explained below, we conclude that appellants' argument is deficient for lack of record references and substantive argument.

Although appellants purport to complain about the admission of evidence, they focus their argument on fact finding 15, in which the trial court found that appellants failed to disclose to HFLP numerous facts about Golfis's criminal history and other bad acts. Appellants cite only the fact finding itself without providing any record references indicating where the supporting evidence was admitted or how error was preserved. Instead, they baldly assert, without explanation, that the evidence "was properly objected to." Finally, they brief each complaint about a particular bad act in only a conclusory fashion, without attempting to apply legal

---

[4] Appellants also purport to challenge most of the trial court's 21 legal conclusions, but these challenges are also inadequately briefed for lack of record references and substantive legal analysis.

authorities to the facts or to demonstrate harm. "The failure to provide appropriate record citations or a substantive analysis waives an appellate issue." *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.); *see also Alderson v. Alderson*, 352 S.W.3d 875, 879 (Tex. App.—Dallas 2011, pet. denied) (failure to give record references showing error preservation constituted inadequate briefing).

We thus conclude appellants have waived their complaints about the evidentiary rulings.

## C.     Did the trial court err in making its exemplary damages awards?

Appellants raise several different arguments attacking the exemplary damages awards. We are not persuaded.

First, appellants argue that the exemplary damages awards must be reversed because there is insufficient evidence to support the actual damages findings. *See* TEX. CIV. PRAC. & REM. CODE § 41.004(a) ("[E]xemplary damages may be awarded only if damages other than nominal damages are awarded."). But appellants do not attempt to demonstrate that the actual damages evidence was legally or factually insufficient; their bald assertions that there was insufficient evidence of actual damages are inadequately briefed. *See Gonzalez*, 418 S.W.3d at 783.

Within their sufficiency challenge, appellants also appear to argue that the trial court should not have awarded any actual damages because HFLP's response to a request for disclosure did not disclose all of the actual damages amounts that the trial court found. For support, they cite rules of civil procedure 193 and 194, and one appellate decision, *Robinson v. Lubbering*, No. 03-09-00655-CV, 2011 WL 749197 (Tex. App.—Austin Mar. 2, 2011, no pet.) (mem. op.).

We are not persuaded by appellants' argument. If HFLP's disclosures were inadequate, appellants could have objected to the admission of the information not properly disclosed. *See*

TEX. R. CIV. P. 193.6(a); *Robinson*, 2011 WL 749197, at *7. But they do not argue that they objected to any of HFLP's evidence on that basis, and they do not provide any record references supporting that claim. Nor do they cite any authority for their argument that that HFLP forfeited the right to recover damages not specified in HFLP's disclosures. Accordingly, we reject for inadequate briefing appellants' discovery based arguments. *See Gonzalez*, 418 S.W.3d at 783.

Appellants next assert that the trial court did not find fraud, malice, or gross negligence as an exemplary damages award requires. This is incorrect; the trial court found all three predicates in findings 55, 56, 57, and 65.

Appellants next argue that the exemplary damages awards exceed the statutory cap. Appellants are incorrect. The civil practice and remedies code prescribes these exemplary damages caps:

> Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of:
>
> (1)(A)     two times the amount of economic damages; plus
>
> (B)     an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or
>
> (2)     $200,000.

CIV. PRAC. & REM. § 41.008(b). Here, each appellant was held jointly and severally liable for economic damages totaling $161,099.38, so the exemplary damages cap for each appellant was $322,198.76. The $250,000 exemplary damages award assessed against each appellant therefore did not exceed the cap.

Finally, appellants assert that there is insufficient evidence to support the exemplary damages awards and that the awards are excessive and disproportionate to actual damages. But they do not discuss the evidence or present any analysis of the relevant factors. *See id.* § 41.011(a) (stating factors relevant to amount of exemplary damages award). Accordingly,

appellants' argument is inadequately briefed and presents nothing for review. *Gonzalez*, 418 S.W.3d at 783.

Accordingly, we overrule appellants' complaints about the exemplary damages awards.

**D.     Did the trial court err by awarding HFLP relief on its conversion claim?**

Next, appellants argue that the trial court's decision to grant HFLP judgment on its conversion claim was erroneous because (i) a claim for conversion of money lies only if the money can be identified as a specific chattel, and (ii) the money in question (HFLP's $30,000 investment and the unpaid rent) cannot be specifically identified.[5]

We are not persuaded. As appellees observe, appellants misunderstand the trial court's ruling. The trial court did not find that appellants converted HFLP's $30,000 investment and the unpaid rent. Rather, the trial court found that appellants converted the Seilikos companies' money by using that money to pay appellants' personal expenses and by simply taking money out of the Seilikos companies' bank accounts. *Cf. Estate of Townes v. Townes*, 867 S.W.2d 414, 419–20 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (person who withdrew funds from his mother's investment accounts without her consent committed conversion). Thus, appellants' argument does not fit this case's facts.

Moreover, appellants have not shown any harm from the alleged error. The conversion findings and award duplicate the two fiduciary breach findings and awards. To show harm, appellants would have to show that error infects the fiduciary breach awards as well, and they have not done so. *See Creech*, 411 S.W.3d at 6 ("An appellant must attack all independent bases or grounds that fully support a judgment.").

---

[5] Appellants do not challenge the propriety of HFLP's recovery on a "derivative claim" for conversion brought on Seleikos Holdings' behalf, so we do not address that subject.

**E. Did the trial court err by granting a permanent injunction against appellants?**

The final judgment includes a permanent injunction that bars appellants from engaging in some activities and requires them to perform others. Appellants raise three complaints about the injunction. We are not persuaded.

First, appellants argue that the injunction is unsupported by pleadings. This argument is lifted verbatim from their new trial motion. But after appellants filed their new trial motion, the trial court granted HFLP leave to file a supplemental petition that expressly requested a permanent injunction. HFLP then filed that supplemental petition, curing any pleading defect. Thus, the record refutes appellants' first argument.

Second, appellants assert that the evidence is insufficient to support certain essential elements of a permanent injunction. Appellants, however, waived this argument by not supporting it with any discussion of the evidence or any record references. *See Gonzalez*, 418 S.W.3d at 783.

Finally, appellants assert that the trial court did not find imminent harm or irreparable injury in support of the permanent injunction. The record is otherwise. Trial court finding 98 says, "If the permanent injunctive relief provided herein is not granted, HFLP will suffer immediate and irreparable injury, for which HFLP will have no adequate remedy at law." The subsequent findings explain the specific factual bases for finding 98, such as appellants' refusal to maintain or produce accounting and financial records, the companies' failure to pay obligations, and appellants' diversion of funds from the companies. Appellants do not address these findings. Their final contention is therefore without merit.

### III. CONCLUSION

We affirm the trial court's judgment for the above reasons.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

150036F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN C. GOLFIS AND JULIE NGUYEN,
Appellants

No. 05-15-00036-CV          V.

EDWARD "LANNY" HOULLION,
INDIVIDUALLY AND AS GENERAL
PARTNER OF HOULLION FAMILY, LP,
AND HOULLION FAMILY, LP, Appellees

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-13053.
Opinion delivered by Justice Whitehill.
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Edward "Lanny" Houllion, Individually and as General
Partner of Houllion Family, LP, and Houllion Family, LP recover their costs of this appeal from
appellants John C. Golfis and Julie Nguyen.

Judgment entered October 25, 2016.