# Court of Appeals
## Tenth Appellate District of Texas

═══════════════

### 10-23-00380-CV

═══════════════

Donald Stewart and Kathy Stewart, d/b/a Royal Horse Farms,
Jennifer Stewart, and Steven Stewart,
Appellants

v.

Sharon Lee,
Appellee

═══════════════

On appeal from the
13th District Court of Navarro County, Texas
Judge James E. Lagomarsino, presiding
Trial Court Cause No. D23-31126-CV

═══════════════

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Donald Stewart and Kathy Stewart d/b/a Royal Horse Farms, Jennifer Stewart, and Steven Stewart (collectively the Stewarts) appeal from the trial court's order granting Sharon Lee's Application for Issuance of Turnover Order. The Stewarts raise six issues on appeal in which they challenge the validity of the trial court's turnover order. We affirm.

## Factual and Procedural Background

The Stewarts sued Lee, Aaron Whitelock, Donna Whitelock, Raechel Rohach, Megan Georges, and Kristin Iden alleging defamation, intentional infliction of emotional distress, conspiracy, aiding and abetting, and ratification. Lee moved to dismiss the claims under the Texas Citizens Participation Act (TCPA), and the trial court granted the motion and dismissed all claims as to Lee. The Stewarts then filed a supplemental petition adding claims against Lee for malicious prosecution and business disparagement. Lee again filed a motion to dismiss under the TCPA, and the trial court dismissed the Stewarts' additional claims against Lee. On April 29, 2022, Lee filed a motion for fees and sanctions, which the trial court granted and awarded Lee $50,115.48 in attorney's fees.

On December 20, 2022, Lee filed a motion to sever her case into a separate cause of action to create a final appealable judgment. On February 2, 2023, the trial court heard Lee's motion and signed an order granting the motion. The trial court's order severed all of the Stewarts' claims against Lee into a separate cause of action. The trial court's order instructed that upon severance into the new cause number, the trial court's orders dismissing the Stewarts' claims against Lee and awarding Lee attorney's fees would be final and appealable. On February 27, 2023, after the trial court signed the

severance order, the Stewarts filed a response to Lee's motion to sever, included in the motion to sever was an objection to lack of notice of the February 2 hearing.

On May 26, 2023, Lee filed an Application for Issuance of a Turnover Order and Appointment of a Receiver. Lee filed an amended application on June 14, 2023. The trial court held a hearing on Lee's application on July 6, 2023. At that hearing, the Stewarts opposed the issuance of a turnover order arguing that Lee's judgment for attorney's fees was not a final judgment. The trial court determined that Lee was entitled to a turnover order against the Stewarts and signed an order to that effect on November 16, 2023. The Stewarts appeal from the trial court's turnover order.

**Issues**

In six issues, the Stewarts argue that (1) a turnover order is purely a creature of statute, (2) a turnover order may only be entered in aid of collection of a final judgment, (3) the trial court's orders dismissing their claims against Lee are interlocutory, (4) the order granting Lee's motion to sever is void, (5) the turnover order is void, and (6) a turnover order is appealable even if the order is not a final judgment. All of the Stewarts' issues are predicated on the argument that there is no final judgment because the severance order is void. They maintain that because the judgment was not final, the turnover

order is also void. Therefore, we must determine whether the order severing the claims against Lee is void.

**Authority**

A judgment is void when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). A litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly. *Id.* at 271. "A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." *Id.* at 272. A void judgment can be collaterally attacked at any time. *Id.*

**Discussion**

The Stewarts contend that because the severance order is void, the orders dismissing Lee's claims and awarding her attorney's fees are not final judgments. They specifically argue that the severance order is void because they did not receive notice of the hearing on Lee's motion to sever.

Lee filed the motion to sever on December 20, 2022, it included a certificate of conference and service, and the record indicates that the motion

was served on the parties by the efiling system. The Stewarts stated in their affidavits that on January 6, 2023, they received a document via the trial court's electronic service notification system that was titled Notice of Hearing, but the notice was blank as to the date and time of the hearing. The Stewarts did not attend the February 2, 2023, hearing on Lee's motion to sever. On February 27, 2023, they filed a response to Lee's motion to sever that included an objection based upon lack of notice of the February 2 hearing.

There is no dispute that the trial court had jurisdiction over the parties and the subject matter. *See PNS Stores,* 379 S.W.3d at 272. However, the Stewarts argue that the severance order is void because they did not receive notice of the hearing on the motion. Even assuming that the Stewarts did not receive notice of the hearing on Lee's motion to sever, the lack of notice does not render the severance order void.

The record does not show that the Stewarts directly attacked the trial court's order severing their claims against Lee into a separate cause of action. The severance order instructed that the orders in the new cause number dismissing the Stewarts' claims and awarding Lee attorney's fees "creates a final appealable judgment regarding the claims against Lee." The Stewarts did not file an appeal, a motion for new trial, or a bill of review in relation to the trial court's order severing their claims against Lee. *See id.* They are

attempting to collaterally attack the failure to give notice of the hearing on Lee's motion to sever. *See Hartwell v. Fundworks, LLC*, No. 02-23-00100-CV, 2024 WL 46053, at n.7 (Tex. App.—Fort Worth Jan. 4, 2024, pet. denied) (mem. op.) (citing *Alderson v. Alderson*, 352 S.W.3d 875, 879 (Tex. App.—Dallas 2011, pet. denied).

To prevail on a collateral attack, the Stewarts must show that the judgment is void on its face. *See Alderson*, 352 S.W.3d at 879. The Stewarts make no argument that the trial court's order granting the motion to sever, on its face, shows the trial court lacked jurisdiction or capacity. *See id.* Accordingly, the Stewarts' collateral attack fails. *See id.* We conclude that the trial court's order granting Lee's motion to sever is not void. Therefore, we further conclude that the trial court's orders dismissing the Stewarts' claims against Lee and awarding Lee attorney's fees became a final appealable judgment upon severance into a separate cause number.

Without a final judgment, a turnover order is void. *See In re Alsenz*, 152 S.W.3d 617, 620 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding). However, they make no argument that the turnover order is void on its face. *See Alderson*, 352 S.W.3d at 879. The Stewarts' argument that the trial court's turnover order is void is premised solely upon their complaint that the severance order is void. Having concluded that the severance order is not void

and that the orders dismissing the claims against Lee and awarding her attorney's fees are final and not void, we further conclude that the turnover order is not void. We overrule all of the Stewarts' issues on appeal.

## Conclusion

Having overruled the Stewarts' six issues on appeal, we affirm the trial court's judgment.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: March 5, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
CV06

