**Eleanore LAYTON, Appellant,**

v.

**NATIONSBANC MORTGAGE CORPORATION,**
**Appellee.**

No. 13–02–608–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

July 15, 2004.

Rehearing Overruled Sept. 15, 2004.

Michael W. Williams, Corpus Christi, for appellant.

Rupert F. Barron, Eric Scott Lipper, Michael D. Conner, Hirsch & Westheimer, Houston, for appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice Garza.

Appellant, Eleanore Layton, appeals from the trial court's decision to grant a bill of review to appellee, Nationsbanc Mortgage Corporation, and to set aside a default judgment granted in favor of Layton over four years earlier. Because Nationsbanc failed to show extrinsic fraud in the procurement of the default judgment, we reverse and reinstate the prior judgment.

## Background Information

On January 22, 1998, Layton filed an action alleging the wrongful charging of escrow fees by Nationsbanc. Nationsbanc did not file an answer or appear, and a default judgment was awarded for Layton in the amount of $28,000. *See* TEX.R. CIV. P. 239. More than four years after entry of the default judgment, counsel for Layton contacted Nationsbanc in reference to the judgment, apparently seeking to collect the judgment for his client.

Nationsbanc then filed a petition requesting a bill of review. After a bench trial, the trial court entered judgment in favor of Nationsbanc and ordered the earlier default judgment to be set aside as void. The trial court also issued a permanent injunction enjoining Layton from attempting to execute and enforce the default judgment, thus rendering a final judgment. *See Kessler v. Kessler*, 693 S.W.2d 522, 526 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.) ("A bill of review proceeding based on extrinsic fraud ... [contemplates] the rendition of a judgment which fairly and finally disposes of all issues raised in the original trial and in the bill of review itself."). Findings of fact and conclusions of law were requested by Layton and entered by the trial court. Layton now appeals the decision of the trial court on two issues, only one of which we address.[1]

## Bill of Review

By her first issue on appeal, Layton complains that the trial court erred in granting Nationsbanc a bill of review in the absence of a showing of extrinsic fraud with respect to the default judgment.

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999); *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex.App.-Corpus Christi 2003, pet. denied). Typically a party attempting to challenge a judgment through a bill of review must allege within four years of that judgment: (1) a meritorious defense to the cause of action supporting the judgment; (2) which she was prevented from making by the fraud, accident, or wrongful act of the opposing party; (3) unmixed with any fault or negligence of her own. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998); *Manley*, 112 S.W.3d at 337. In reviewing the grant or denial of a bill of review, we indulge every presumption in favor of the trial court's ruling and will not

---

1. By her second issue, Layton complains that the trial court erred in not making requested findings of fact and conclusions of law. However, the findings of fact and conclusions of law were in fact entered and included in the clerk's record. Thus, we need not address this issue.

disturb that ruling unless the trial court abused its discretion. *Narvaez v. Maldonado,* 127 S.W.3d 313, 319 (Tex.App.-Austin 2004, no pet. h.); *Manley,* 112 S.W.3d at 337. A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Narvaez,* 127 S.W.3d at 319 (citing *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991)).

■ At the trial court level, the burden on the party requesting a bill of review is heavy because it is fundamentally important that judgments be accorded some finality. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). Therefore, bills of review requesting relief from an otherwise final judgment are scrutinized by the courts "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Id.; see Palomin v. Zarsky Lumber Co.,* 26 S.W.3d 690, 693 (Tex. App.-Corpus Christi 2000, pet. denied).

■ A petition for bill of review must be filed within four years of the date of the disputed judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1997). The only exception to the four-year limitation is when the petitioner proves extrinsic fraud. *Manley,* 112 S.W.3d at 338. Extrinsic fraud is fraud that denies a party the opportunity to fully litigate at trial all the rights or defenses that the party was entitled to assert. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 752 (Tex.2003); *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989). It is fraud that occurs in the procurement of a judgment. *Lambert v. Coachmen Indus. of Tex., Inc.,* 761 S.W.2d 82, 87 (Tex.App.-Houston [14th Dist.] 1988, writ denied). The Texas Supreme Court described extrinsic fraud as occurring when a party "has been misled by his adversary by fraud or deception, did not know of the suit, or was betrayed by

his attorney." *Alexander,* 226 S.W.2d at 1001. The element of purposeful fraud is important in establishing extrinsic fraud. *See id.* at 1001–02 (citing *U.S. v. Throckmorton,* 98 U.S. 61, 25 L.Ed. 93 (1878), describing extrinsic fraud as deception by a party to keep other party away from court, false promises to compromise, or keeping defendant in ignorance). Fraudulent failure to serve a defendant with personal service, in order to obtain a judgment against him without actual notice to him, has been held to be extrinsic fraud. *Lambert,* 761 S.W.2d at 87 (citing *Forney v. Jorrie,* 511 S.W.2d 379, 384–85 (Tex.Civ. App.-San Antonio 1974, writ ref'd n.r.e.)).

We have, however, neither found nor been directed to any case in which improper service of process alone, where the defendant had actual notice of the suit, without an additional showing of actual fraud, has sufficed to overturn a default judgment after the four-year statute of limitations has run. In fact, the court of appeals in Houston has held to the contrary, noting that a defendant who was improperly served but did have actual notice of the judgment against him could not argue in a post-limitations bill of review that defective service alone makes a default judgment void. *See Dispensa v. Univ. State Bank,* 987 S.W.2d 923, 926–28 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

■ Nationsbanc alleges that the default judgment was void because Layton failed to strictly comply with the rules of procedure governing citation issuance and service of process. It is apparent from the record, however, that CT Corporation, Nationsbanc's registered agent for service of process in Texas, was duly served. Nationsbanc asserts that this service was improper because the citation incorrectly spelled Nationsbanc as "Nationsbank" and because the return of service form filled out by the process server did not indicate

that a copy of the petition had been served with the citation as required. *See* Tex.R. Civ. P. 99(a). However, this Court has previously held that "a misnomer of a defendant does not render a judgment based on personal service, even one by default, void, provided the intention to sue the defendants actually served with citation is so evident from the pleadings and process that the defendant could not have been misled." *Baker v. Charles,* 746 S.W.2d 854, 855 (Tex.App.-Corpus Christi 1988, no writ). Furthermore, the record includes multiple letters from the senior vice president and senior counsel of Nationsbanc, on official letterhead identifying the company in bold print as "Nationsbank," specifically referring to Layton's complaint and indicating actual notice by the defendant. The first such letter states, "I am in receipt of a copy of Plaintiff's Original Petition," and concludes, "please contact me so we may discuss the allegations in the Petition." Nationsbanc was clearly aware of Layton's complaint, was not misled by the alleged misnomer, and was in fact in possession of her petition. The errors in service did not prevent Nationsbanc from appearing in court to defend itself or deny it the right to fully litigate its rights or defenses in the matter. *See Dispensa,* 987 S.W.2d at 928 ("Even though Dispensa was not served, he did receive notice of the judgment.... Thus, Dispensa's current predicament is not a direct result of lack of notice of the suit but a result of his own inaction. This means the judgment is not void.").

█ Nationsbanc also argues that, in addition to the errors in the service of process, Layton committed extrinsic fraud by deliberately filing a false certificate of last known address following entry of the default judgment. However, Nationsbanc has failed to demonstrate why an address included in the court record as one it had previously provided to Layton for the receipt of payments would be a fraudulent address for the purposes of receiving notices of judgment. We also note that rule 239a, which governs such certifications, was designed primarily as an administrative convenience, and failure to comply with the rule does not affect the finality of the judgment. *See* Tex.R. Civ. P. 239a; *John v. State,* 826 S.W.2d 138, 140 (Tex. 1992); *Long v. McDermott,* 813 S.W.2d 622, 624 (Tex.App.-Houston [1st Dist.] 1991, no writ); *Grayson Fire Extinguisher Co. v. Jackson,* 566 S.W.2d 321, 322 (Tex. Civ.App.-Dallas 1978, writ ref'd n.r.e.). We conclude Nationsbanc has failed to demonstrate any evidence of extrinsic fraud by Layton in the filing of the certificate of last known address.

The evidence in the record clearly demonstrates that Nationsbanc had actual notice of Layton's suit and that it made no attempt to act on its rights until Layton's attorney contacted it more than four years after entry of the default judgment. Furthermore, Nationsbanc failed to provide evidence demonstrating that the errors in service were fraudulent and were intended by Layton to keep Nationsbanc away from court or render it unable to defend itself. Thus, Nationsbanc has failed to show extrinsic fraud in the procurement of the default judgment. *See Dispensa,* 987 S.W.2d at 928. Given the lack of evidence of fraud underlying the default judgment and the trial court's extremely limited discretion to grant bills of review overturning default judgments, we conclude that the trial court abused its discretion in granting Nationsbanc's bill of review without a showing of extrinsic fraud. Accordingly, we reverse the judgment of the trial court granting the bill of review and permanent injunction and reinstate the prior judgment.