**Affirmed and Memorandum Opinion filed July 27, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00044-CV

### WILLIAM A. VANDERVLIST, Appellant

### V.

### SAMARA PORTFOLIO MANAGEMENT, LLC, Appellee

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1060899**

## M E M O R A N D U M    O P I N I O N

William A. Vandervlist[1] appeals the trial court's denial of his bill of review to set aside a default judgment rendered against him and in favor of appellee, Samara Portfolio Management, LLC, in 2009.  The trial concluded that Vandervlist failed to

---

[1] In the various pleadings and documents filed in this case, Vandervlist's last name is spelled either "Vandervlist," or "van der Vlist."  The name appears as "Vandervlist" in the trial court's order, and we will use that same spelling in the opinion.

demonstrate that Samara Portfolio committed extrinsic fraud as required when challenging a default judgment outside the four-year statute of limitations period and that Vandervlist's bill of review therefore was barred by the statute of limitations.

Vandervlist argues that the trial court abused its discretion by finding that Samara Portfolio did not commit extrinsic fraud because he was properly served with process in 2009; Vandervlist argues that there is no admissible evidence to support the trial court's finding he was served with process and the only admissible evidence supports a finding that Vandervlist was not served with process.

We affirm because we conclude that the trial court acted within its discretion in denying Vandervlist's bill of review because he failed to establish Samara Portfolio committed extrinsic fraud as required to challenge a default judgment outside the four-year statute of limitations.

## BACKGROUND

Vandervlist filed a petition for bill of review on April 1, 2015, and a first amended petition for bill of review on July 13, 2015, seeking to vacate a default judgment entered in favor of Samara Portfolio on November 16, 2009. Vandervlist alleged that he was not served with process and had no notice of the underlying suit against him until he received a notice on March 10, 2015, that an Application for Post Judgment Turnover Order and Appointment of a Receiver was set for a hearing. He alleged that he "forwarded the papers" he received to his attorney who filed the petition for bill of review.

Vandervlist filed an affidavit he signed on March 26, 2015, with his bill of review. In his affidavit, Vandervlist averred that, among other things, he (1) "received a package which contained some legal papers in the lawsuit designated as Cause No. 936,516; *Samara Portfolio Management, L.L.C.*;" (2) was "shown a copy

of a document entitled 'Default Judgment,' dated November 16, 2009;" (3) had never seen these documents prior to March 2015; (4) was not personally served and "did not receive any notice of any lawsuit, trial or hearing which led to the signing of any judgment or the judgment;" (5) "did not intentionally ignore the lawsuit" filed against him; (6) did not know Samara Portfolio; (7) did not avoid being served and did not "knowingly or purposefully ignore[] or avoid[] being served;" and (8) worked in 2009 as a soccer referee and was therefore "hard to find at [his] house" and "any papers left at [his] door may not be seen."

Samara Portfolio filed an answer on August 14, 2015, generally denying the allegations Vandervlist made in his bill of review. Samaria Portfolio also claimed that Vandervlist failed to exercise due diligence in pursuing all available legal remedies against the default judgment, and that Vandervlist's bill of review is barred by the applicable four-year statute of limitations.

The trial court held a hearing on Vandervlist's bill of review on September 1, 2015. At the hearing, Samara Portfolio argued that Vandervlist failed to file his bill of review within the applicable four-year statute of limitations and that the court therefore lacked jurisdiction to consider it. The trial court acknowledged that the four-year statute of limitations could only be tolled if Vandervlist established that Samara Portfolio committed extrinsic fraud.

In response to the trial court's request to present evidence of extrinsic fraud, Vandervlist argued that, according to *Defee v. Defee*, 966 S.W.2d 719 (Tex. App.—San Antonio 1998, no pet.), "'not knowing of the lawsuit' is extrinsic fraud sufficient not only to suspend the accrual of the statute of limitation, but also to satisfy the extrinsic fraud element." He argued that there is evidence of extrinsic fraud because his affidavit, of which the trial court took judicial notice as requested, states that he had no knowledge of the lawsuit filed against him because he was not served with

3

process and did not have notice of the lawsuit or default judgment until March 2015.

Vandervlist also testified at the hearing that prior to March 2015 he did not know that he had been sued or that a default judgment had been rendered against him. He testified that he had lived at the same address — 19807 Sundance Drive, Humble, Texas — with his wife since 2001. He testified that he was not aware of receiving "any certified mail from any private process server or any person notifying [him] of any judgment," or "any regular mail from the District Clerks's [sic] office notifying [him] of the lawsuit or the judgment." But during cross-examination, Vandervlist acknowledged testifying at his deposition that he has "a problem remembering things."

Samara Portfolio asked the trial court to take judicial notice of the underlying case file in cause number 936,516, and Vandervlist objected to the court "taking judicial notice and giving any evidence on the basis for any affidavits in those [sic] file — in that file because those are affidavits of the third-party offered for the truth of the matter stated and therefore, are hearsay." The trial court stated, "I'm going to take judicial notice of the case file of the underlying case 936516, . . . but that does not mean that I can use this as evidence."

Samara Portfolio proceeded to "offer some documents from the underlying file." First, it offered without objection as Defendant's Exhibit number 2 a copy of its May 5, 2015 Motion for Substitute Service of Citation together with the supporting Sworn Affidavit for Substitute Service of process server Shon Byrd, and a copy of the trial court's May 8, 2009 Order for Substitute Service of Citation. In his affidavit, process server Boyd averred as follows:

> My name is <u>Shon Byrd</u>, <u>SCH 3762</u>. I am a process server, and authorized to serve process in this cause. I am over the age of eighteen (18) years, of sound mind, and am not a party to nor interested in the

4

outcome of this cause and am competent to testify to the facts in this affidavit, which are based on personal knowledge and are true.

I have attempted to deliver a true copy of the Citation, Plaintiff's Original Petition With Discovery, Request for Disclosure and Request for Admissions in this cause upon WILLIAM A VANDERVLIST at 19807 SUNDANCE DRIVE, HUMBLE, TX 77346 on the following dates and times:

03/24/2009 @ 8:20 PM - I SPOKE WITH A MALE THROUGH THE DOOR. HE TURNED THE PORCH LIGHT ON FOR A FEW SECONDS, BUT NEVER LET HIMSELF BE SEEN. HE SAID "YOU HAVE THE WRONG ADDRESS BUDDY" AND "NO ONE BY THAT NAME LIVES HERE BUDDY."

03/27/2009 @ I2:32 PM - I SPOKE WITH A MALE WHO SAID THAT NO ONE BY THE DEFENDANT'S NAME LIVES AT CURRENT ADDRESS. I SPOKE WITH THE NEIGHBOR WHO VERIFIED THAT HE KNOWS THE [sic] THE DEFEENDANT [sic] AND THAT DEFENDANT DOES LIVES [sic] AT THE ABOVE ADDRESS. THERE WAS A VEHICLE IN THE DRIVEWAY, LICENSE PLATE #DDG247, WHICH IS REGISTERED TO SHARON VANDERVLIST AT THE ABOVE ADDRESS AS OF JANUARY, 2009.

03/28/2009 @ 7:30 AM - NO ANSWER AT THE DOOR. I LEFT MY CALL BACK CARD.

03/30/2009 @ 5:30 PM - NO ANSWER AT THE DOOR. I LEFT MY CALL BACK CARD.

04/01/2009 @ 8:40 PM - THERE WERE LIGHTS ON INSIDE BUT NO ONE WOULD ANSWER THE DOOR. I LEFT MY CALL BACK CARD.

04/05/2009 @ 8:20 AM - NO ANSWER AT THE DOOR. I LEFT MY CALL BACK CARD.

I have made suffic[i]ent investigation of the premises and am satisfied that such place is the usual place of abode / place of business. It is my opinion that it is impractical to serve the defendant personally.

I believe the most effective way to give the actual notice of the Citation, Plaintiff's Original Petition With Discovery, Request for Disclosure

5

and Request for Admissions is to deliver them by the following substitute method:

 X  By posting to the front door or gate at the above address.

 X  By delivering to anyone over sixteen (16) years of age at the above address.

The trial court's May 8, 2009 Order for Substitute Service of Citation provided that service on Vandervlist "may be had by the proper officer delivering a copy of the Citation, with a copy of the Petition and Order for Substitute Service attached thereto, to anyone over sixteen (16) years of age at the Defendant's usual place of abode or other place where the Defendant can be found, **19807 SUNDANCE DRIVE, HUMBLE, TX 77346** or by posting the Citation with a copy of the Petition and Order for Substitute Service on the front door or gate of said place of abode and by mailing same certified mail, return receipt requested, and by regular mail to said address."

Second, Samara Portfolio offered as Defendant's Exhibit number 3 a copy of (1) the filed return of service of May 28, 2009 stating that Vandervlist was served on May 14, 2009, by regular first class mail and by certified mail, return receipt requested with the citation, original petition, request for disclosure, request for admissions, and order for substitute service; (2) the filed United States Postal Service certified mail receipt stamped on May 14, 2009, and addressed to William A. Vandervlist at 19807 Sundance Drive, Humble, TX 77346; and (3) the filed return of service of May 28, 2009 stating that process server Shon Byrd delivered at 12:22 p.m. on May 16, 2009, "a true copy of this Citation together with the accompanying copy of the Plaintiff's petition" to Vandervlist "by securely attaching process to the front door per Rule 106 order" at 19807 Sundance Drive in Humble, Texas 77346.

Vandervlist objected to the admission of the copies of the returns of service that Samara Portfolio represented were "filed in this court in the underlying case."

6

Vandervlist objected stating, "[i]t is an out-of-court statement and offered for the truth of the matter stated, therefore, unauthenticated hearsay." Samara Portfolio replied that "[i]t's the record of this court;" and the trial court overruled Vandervlist's objection and admitted the exhibit.

Third, Samara Portfolio offered as Defendant's Exhibit number 4 a copy of the notice of judgment in the underlying case that was generated by the Harris County Clerk's office on November 16, 2009. The notice of judgment stated that a default judgment had been rendered against Vandervlist; the notice was addressed to Vandervlist at 19807 Sundance Drive, Humble, Texas 77346, and to Samara Portfolio. The trial court admitted the exhibit noting, "I will just admit this as Defendant's Exhibit 4 as it is. And it's just a notice of judgment. It doesn't go beyond that, . . . that it doesn't show that Mr. Van[dervlist] had received this notice of judgment, and the court and the clerk's office did create a notice of judgment. That was on the date of November 16, 2009."

During closing argument, Vandervlist argued that his burden of proof under the bill of review was to show that he "did not have notice of the underlying lawsuit or the judgments, and he did not intentionally or with conscious disregard ignore the lawsuit." He argued that "all we have to show is that he was not served with the process and that he did not act with conscious disregard or intentional disregard with the court. Actually, the lack of service even eliminates the meritorious defense requirement." Vandervlist contended that "he met all of the elements of the Bill of Review," including the meritorious defense element which he contended he was not required to establish because he proved he had not been served.

Samara Portfolio responded that Vandervlist was properly served per the court's order for substitute service and was notified by the Harris County Clerk's Office of the judgment in the underlying case. Samara Portfolio also argued that,

because Vandervlist failed to file his bill of review within the four-year statute of limitations, his bill of review must be denied as barred by limitations.

The trial court gave Samara Portfolio seven days to file "case law to respond to [Vandervlist]'s case law, *Defee v. Defee*, that there is extrinsic fraud in this case that — so the statute of limitations [i]s tol[le]d." The trial court also gave Vandervlist seven days to respond to any briefing from Samara Portfolio.

Samara Portfolio filed a Memorandum in Support of Denial of Bill of Review on September 8, 2015. It contended that Vandervlist neither pleaded nor proved that it committed extrinsic fraud because "[t]o establish extrinsic fraud, plaintiff Vandervlist must establish some deception practiced by an adverse party or by one for whose acts he or she is responsible in law, which prevented the complainant and his or her counsel from presenting the complainant's case or defense."

Vandervlist filed a Response to Memorandum in Support of Denial of Bill of Review on September 15, 2015. His response stated that he "does not need to respond" to Samara Portfolio's memorandum because it did not address and refute the holding in *Defee v. Defee*. Vandervlist stated the trial court "should grant the Bill of Review for the reasons detailed in the closing argument made at the" bill of review hearing.

The trial court signed an order on October 23, 2015, denying Vandervlist's bill of review and stating that Samara Portfolio did not commit extrinsic fraud and that the bill of review was barred by statute of limitations. The trial court filed findings of fact and conclusions of law on November 23, 2015.

Vandervlist filed a timely notice of appeal.

### APPLICABLE LAW AND STANDARD OF REVIEW

"'A bill of review is brought as a direct attack on a judgment that is no longer

appealable or subject to a motion for new trial.'" *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015) (quoting *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010)). "Because it is a direct attack, a bill of review must be filed in the court that rendered the original judgment, and only that court may exercise jurisdiction over the bill." *Id*.

Bills of review "'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'" because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Miller v. Ludeman*, 150 S.W.3d 592, 596 (Tex. App.—Austin 2004, pet. denied) (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)). Although a bill of review is an equitable proceeding, the fact that an injustice may have occurred is not sufficient to justify relief by bill of review. *Boaz*, 221 S.W.3d at 131 (citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999)).

A plaintiff ordinarily must plead and prove: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on his own part. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). "But when a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *Caldwell*, 154 S.W.3d at 96. "And the third element, lack of negligence, is conclusively established if the bill-of-review plaintiff can

prove it was never served with process." *Mabon Ltd.*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 97.

A bill of review must be brought within four years of a judgment's rendition. *Valdez*, 465 S.W.3d at 226; *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). "[T]he bill of review's four-year limitations period may be tolled" until a plaintiff knew or should have known about the default judgment if the plaintiff proves that the challenged judgment was obtained by extrinsic fraud. *PNS Stores, Inc.*, 379 S.W.3d at 275, 277 n.16; *In re T.J.S.*, No. 05-15-00138-CV, 2016 WL 4131959, at *2 (Tex. App.—Dallas Aug. 2, 2016, no pet.) (mem. op.); *Britton v. J.P. Morgan Chase, N.A.*, No. 01-13-00928-CV, 2014 WL 3398504, at *4 (Tex. App.—Houston [1st Dist.] July 10, 2014, no pet.) (mem. op.). "A direct attack on 'a judgment on the basis of extrinsic fraud is allowed because such fraud distorts the judicial process to such an extent that confidence in the ability to discover the fraudulent conduct through the regular adversarial process is undermined.'" *PNS Stores, Inc.*, 379 S.W.3d at 275 (quoting *Browning v. Prostock*, 165 S.W.3d 336, 348 (Tex. 2005)).

"Extrinsic fraud is fraud that denies a litigant the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *Id*. (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003)); *Reynolds v. Reynolds*, No. 14-14-00080-CV, 2015 WL 4504626, at *4 (Tex. App.—Houston [14th Dist.] July 23, 2015, no pet.) (mem. op.). Such fraud must be purposeful in nature; "[t]he element of purposeful fraud is important in establishing extrinsic fraud." *See Okon v. Boldon*, No. 02-14-00334-CV, 2015 WL 4652775, at *4 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.); *Alderson v. Alderson*, 352 S.W.3d 875, 878 (Tex. App.—Dallas 2011, pet. denied); *Layton v. Nationsbanc Mortg. Corp.*, 141 S.W.3d 760, 763 (Tex. App.—Corpus Christi 2004, no pet.).

"Extrinsic fraud requires proof of some deception practiced by the adverse party that was collateral to the underlying action." *In re T.J.S.*, 2016 WL 4131959, at \*2; *Reynolds*, 2015 WL 4504626, at \*4 ("Extrinsic fraud is wrongful conduct occurring outside of the challenged trial proceeding, which affects the manner in which the judgment is procured. . . . [It] requires proof of some deception practiced by the adverse party that was collateral to the underlying action."). Fraudulent failure to serve a defendant with personal service, in order to obtain a judgment against him without actual notice to him, has been held to be extrinsic fraud. *Layton*, 141 S.W.3d at 763; *Lambert v. Coachmen Indus. of Tex., Inc.*, 761 S.W.2d 82, 87 (Tex. App.—Houston [14th Dist.] 1988, writ denied).

The denial of a bill of review is appealable. *Britton,* 2014 WL 3398504, at \*3; *In re Green*, No. 14-11-01054-CV, 2011 WL 6581379, at \*1 (Tex. App.—Houston [14th Dist.] Dec. 20, 2011, orig. proceeding) (per curiam). We review such a denial under an abuse of discretion standard. *Britton,* 2014 WL 3398504, at \*3; *Grant v. Wilson*, No. 14-11-00320-CV, 2012 WL 170873, at \*1 (Tex. App.—Houston [14th Dist.] Jan. 19, 2012, no pet.) (mem. op.). In reviewing the denial of a bill of review, every presumption is indulged in favor of the trial court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of discretion. *Reynolds*, 2015 WL 4504626, at \*3; *Britton,* 2014 WL 3398504, at \*3.

The trial court abuses its discretion if it rules in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Reynolds*, 2015 WL 4504626, at \*3. Under the abuse of discretion standard, challenges to the sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *Grant*, 2012 WL 170873, at \*1. An abuse of discretion does not occur when the record contains some evidence of a substantial and probative character to support the trial court's ruling. *Id*.

11

Vandervlist argues that the trial court abused its discretion by denying his bill of review and finding that it was barred by the four-year statute of limitations because he was served with process and Samara Portfolio did not commit extrinsic fraud. Vandervlist argues that he "invoked the modified bill of review" and was only required to show he was not served in order to prevail on his bill. He also asserts that he timely filed his bill of review and that the statute of limitations was tolled because he showed that he did not know until March 2015 of the suit and that a default judgment was entered against him on November 16, 2009. He asserts that he proved Samara Portfolio committed extrinsic fraud so that the limitations period was tolled until March 2015 because he established he did not have knowledge of the suit filed against him and the default judgment entered against him.

According to Vandervlist, the only admissible evidence — his affidavit and his hearing testimony — shows that he did not receive notice of the suit or default judgment, and that the trial court's conclusion that his bill of review was time-barred because he was properly served and Samara Portfolio did not commit extrinsic fraud was not supported by evidence. In that regard, Vandervlist contends that the trial court erroneously admitted and considered uncertified copies of the returns of service Samara Portfolio offered at the hearing because they constitute inadmissible unauthenticated hearsay. Vandervlist asserts that without evidence of the returns of service there is no evidence or insufficient evidence to support the trial court's conclusion that he was properly served and that Samara did not commit extrinsic fraud; instead, he asserts the only admissible evidence shows that he "did not consciously ignore the lawsuit" and he had no knowledge of the suit and default judgment until March 2015.

Vandervlist objected at the bill of review hearing to the admission of the

12

returns of service copies as constituting unauthenticated hearsay. The trial court overruled his objection and admitted the returns of service. Contrary to Vandervlist's assertion on appeal, the trial court did not erroneously admit the returns because a return of service does not constitute hearsay and is prima facie evidence that service occurred. *See State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 641-42 (Tex. 2001) ( "The return of service in judicial proceedings 'has long been considered prima facie evidence of the facts recited therein.'").

Even disregarding the returns of service and assuming for the sake of argument that they constitute unauthenticated hearsay and should not have been admitted by the trial court, Vandervlist's argument that there is insufficient evidence to support the trial court's ruling that Samara Portfolio did not commit extrinsic fraud and that his bill of review is barred by limitations is incorrect. Vandervlist contends that his affidavit and hearing testimony establish that he had no knowledge of the suit and default judgment, and that lack of knowledge alone is sufficient to establish extrinsic fraud to toll the statute of limitations. We disagree.

Lack of knowledge of the suit or judgment alone is not sufficient to establish that Samara Portfolio committed extrinsic fraud so as to toll the statute of limitations. "Extrinsic fraud requires proof of some deception practiced by the adverse party that was collateral to the underlying action." *In re T.J.S.*, 2016 WL 4131959, at *2; *Reynolds*, 2015 WL 4504626, at *4. Extrinsic fraud requires wrongful conduct and that the fraud be purposeful. *See Okon*, 2015 WL 4652775, at *4; *Reynolds*, 2015 WL 4504626, at *4; *Alderson*, 352 S.W.3d at 878; *Layton*, 141 S.W.3d at 763.

Vandervlist averred in his affidavit among other things: (1) "I was not personally served with and . . . did not receive any notice of any lawsuit, trial or hearing which led to the signing of any judgment;" (2) "I did not intentionally ignore the lawsuit or the requests for admission;" (3) "I have also been shown a statement

that someone claimed that I answered the door and avoided being served. I did not do so. I have not knowingly or purposefully ignored or avoided being served;" and (4) "In 2009, as well as since then, I work as a soccer referee. My work means that I am not home a lot. That also means that I may be hard to find at my house, but that does not mean that I wanted to or tried to avoid any service of papers. That further means that any papers left at my door may not be seen. I did not see any papers involving the lawsuit until March 2015."

He testified at the hearing that he was not aware of receiving "any certified mail from any private process server or any person notifying [him] of any judgment," or "any regular mail from the District [sic] Clerks's office notifying [him] of the lawsuit or the judgment."

Samara Portfolio presented evidence in the form of process server Shon Byrd's affidavit that Byrd (1) tried to serve Vandervlist at his home on numerous occasions, leaving his "call back card;" (2) twice spoke with a male who refused to open the door and claimed that Byrd had the wrong address and that no one with the name Vandervlist lived at the address; and (3) verified with Vandervlist's neighbor that Vandervlist in fact lived at the address.

This evidence may at most be some proof that Vandervlist did not know of the underlying lawsuit and default judgment against him, but it is no proof that Samara Portfolio took some deceptive action to prevent him from knowing about the suit and default judgment. Therefore, Vandervlist has failed to establish that Samara Portfolio committed extrinsic fraud, and the trial court acted within its discretion in concluding that Samara Portfolio did not commit extrinsic fraud and that the bill of review was barred by the four-year statute of limitations. *See In re T.J.S.*, 2016 WL 4131959, at \*2; *Okon*, 2015 WL 4652775, at \*4; *Reynolds*, 2015 WL 4504626, at \*4; *Alderson*, 352 S.W.3d at 878; *Layton*, 141 S.W.3d at 763; *cf. PNS Stores, Inc.*,

14

379 S.W.3d at 275-76 ("We conclude that under the specific circumstances presented in this case, Tamez's failure to provide the clerk with PNS's last known address, which he knew, is some evidence of extrinsic fraud."); *Lambert*, 761 S.W.2d at 87 ("Fraudulent failure to serve a defendant with personal service, in order to obtain a judgment against him without actual notice to him, has been held to be extrinsic fraud."). We conclude that the trial court acted within its discretion in denying Vandervlist's bill of review.

Vandervlist also makes the following statements in his brief: "[Vandervlist] requested the Trial Court to amend or add to the Fact-Findings and Law-Conclusions to track the above uncontroverted or unrefuted evidence before the Trial Court. (App. 3, CR 59-62) The Trial Court compounded the reversible errors by failing to honor that request."

Vandervlist's statements quoted above do not comply with Texas Rule of Appellate Procedure 38.1(i) requiring that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* Tex. R. App. P. 38.1(i). Vandervlist's complaint is waived. *See id*.

Accordingly, we overrule Vandervlist's issue.

## CONCLUSION

We affirm the trial court's order.

/s/     William J. Boyce
          Justice

Panel consists of Justices Boyce, Busby and Wise.