

# NUMBER 13-21-00268-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS, | Appellant, |

v.

| | |
|---|---|
| JOHN EUGENE ORTIZ, | Appellee. |

**On appeal from the 107th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant the Office of the Attorney General of Texas (OAG) appeals from the trial

court's grant of bill of review in favor of appellee, John Eugene Ortiz. By one issue, the

OAG contends that the trial court improperly granted Ortiz's bill of review because (1) the

statute of limitations expired, (2) Ortiz did not satisfy the extrinsic fraud and

negligence/due diligence elements of a bill of review, and (3) Ortiz's "subsequent acknowledgment of the default order prevents him from challenging the validity of the default order." We reverse and render.

## I.     PERTINENT FACTS

In 2001, a default judgment was rendered against Ortiz establishing him as the biological father of M.L.U. Ortiz was ordered to pay child support. The OAG filed a motion for enforcement in 2008, and Ortiz filed a general denial. In 2009, Ortiz filed a petition to modify the parent-child relationship requesting that he be granted the right to designate the primary residency of the child. Also, in 2009, Ortiz filed a petition for bill of review challenging the 2001 judgment, to which he attached a certified copy of a paternity analysis report showing that he is excluded as the biological father of M.L.U. Ortiz's petition for bill of review was dismissed for want of prosecution in 2010. However, the OAG dismissed its enforcement case.

In 2011, the OAG filed a motion for enforcement to collect child support arrears, which the OAG again dismissed. In 2017, the OAG filed another motion for enforcement and for modification of support order, which was again dismissed by the OAG. In 2019, Ortiz filed a petition for bill of review in the trial court seeking reversal of the 2001 default judgment. After hearing argument from trial counsel, and without holding an evidentiary hearing, the trial court granted Ortiz's bill of review and set aside the 2001 order. The OAG filed a motion for new trial, which the trial court denied. This appeal ensued.

## II.     STANDARD OF REVIEW

A bill of review is an equitable proceeding brought to set aside a prior judgment

where the time to file a motion for new trial or appeal has passed. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). "Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part." *Caldwell*, 154 S.W.3d at 96.

We review the trial court's denial or grant of a bill of review under an abuse of discretion standard. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied)). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court does not abuse its discretion when it makes its decision on conflicting evidence and some evidence supports its judgment. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Garcia-Udall v. Udall*, 141 S.W.3d 323, 333 (Tex. App.—Dallas 2004, no pet.) (first citing *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); and then citing *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.)).

In determining whether the trial court abused its discretion, we must examine the entire record. *Mercedes Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). Thus, "we view the evidence in the light most favorable to the trial court's action, indulging

3

every presumption in favor of the judgment." *Garza v. Att'y Gen.*, 166 S.W.3d 799, 811 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.).

### III. STATUTE OF LIMITATIONS

A petition for bill of review must generally be filed within four years of the complained-of judgment. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 n.7 (Tex. 2012) (citing TEX. CIV. PRAC. & REM. CODE § 16.051 (setting out that a bill of review is governed by the residual four-year limitations period)). In *PNS*, the Texas Supreme Court explained that when a petitioner files a bill of review outside of the four-year statute of limitations, but premises its complaint on improper service, we must determine whether this collateral attack rises to the level of a due process violation that would render the default judgment void. *Id.* at 273–74 ("The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it either: (1) establishes that the trial court lacked subject matter jurisdiction over the suit; or (2) exposes such personal jurisdictional deficiencies as to violate due process.").

In *PNS*, the bill of review petitioner argued that "a default judgment must be vacated when the prevailing party fails to strictly comply with statutory notice provisions." *Id.* at 274. The *PNS* court nonetheless concluded that although the service was technically defective, none of the alleged defects deprived the bill of review petitioner "of a meaningful opportunity to appear and answer [the plaintiff's] claims." *Id.* at 275. The *PNS* court stated, "Texas courts of appeals have correctly distinguished between technical defects in service and a complete failure or lack of service, concluding that only the latter violates due process." *Id.* at 274 (comparing *Wagner v. D'Lorm*, 315 S.W.3d

4

188, 194 (Tex. App.—Austin 2010, no pet.) with *Layton v. Nationsbanc Mortg. Corp.*, 141 S.W.3d 760, 763 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.)). The supreme court noted that "[t]his distinction strikes a reasonable balance between the need for finality of judgments and the requirement that the power underlying judicial authority must be based on a litigant's fair opportunity to be heard." *Id.* The *PNS* court explained that "[e]xtending these stringent standards to collateral attacks involving mere technical defects in service would pose a serious threat to the finality of judgments." *Id.* The *PNS* court held that a default judgment is void only if the defects in service are so substantial that the defendant was not afforded due process. *Id.* The court reasoned that, "'[e]ndless litigation, in which nothing was ever finally determined, would be worse than the occasional miscarriages of justice.'" *Id.*

Here, like the petitioner in *PNS*, Ortiz filed his attack outside the bill of review's four-year statute of limitations period, and he complains of improper service. *Id.* at 273. Therefore, we are required to determine whether Ortiz's complaint rises to the level of a due process violation that would render the default judgment void and subject to collateral attack. *Id.* at 273–74. Ortiz does not complain of a complete lack or failure of service and instead contends that the OAG failed to strictly comply with rule 106(b) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 106(b) (setting out the requirements of substituted service). Specifically, Ortiz argues that the OAG provided an unsworn motion for substituted service, which he claims is insufficient evidence of his usual place of business or usual place of abode, or other place where he could have been found; therefore, according to Ortiz, service was of no effect, and the default judgment was void. *See id.*

5

Ortiz cites *Garrels v. Wales Transportation, Inc.*, to support his argument that an unsworn motion is insufficient evidence to support a finding that the address listed is the defendant's usual place of abode or business. 706 S.W.2d 757, 758–59 (Tex. App.—Dallas, 1986, no writ.). "In *Garrels*, the plaintiff's unsworn motion for substituted service stated a particular address was the defendant's home address, but the supporting affidavit did not include such a statement." *James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 586, 590 (Tex. App.—Dallas 2010, no pet.). *Garrels* "required the affidavit, as opposed to only an unsworn motion, state the address was the defendant's usual place of business or abode." *Id.*

We find Ortiz's argument unpersuasive because the OAG attached an affidavit signed by the process server supporting its motion for substituted service. The affidavit, sworn to and notarized, states that the address listed is Ortiz's "usual place of business, usual place of abode, or another place where he can probably be found." In addition, the OAG attached a sworn declaration of a due and diligent search for Ortiz swearing that the process server had been unable to effect personal service on Ortiz and listing the five attempts made. Therefore, Ortiz was properly served through substituted service, and the default judgment is not void. *See James*, 310 S.W.3d at 590. Accordingly, Ortiz's bill of review is barred by the four-year statute of limitations. We conclude that the trial court abused its discretion when it granted Ortiz's bill of review outside of the statute of limitations. We sustain the OAG's first issue.[1]

---

[1] Having sustained the OAG's first issue, we need not address its other issues as they are not dispositive. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We reverse the trial court's judgment and render a judgment denying Ortiz's petition for bill of review.

JAIME TIJERINA
Justice

Delivered and filed on the
21st day of July, 2022.