

# NUMBER 13-23-00432-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

WALTER LEE BROWN, III,
$4,936.00 U.S. CURRENCY,
FIVE CELLULAR PHONES, ET AL.                                    Appellants,

v.

THE STATE OF TEXAS,                                                Appellee.

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Walter Lee Brown III, pro se, challenges the trial court's denial of his

petition for bill of review. By three issues, which we construe as one, Brown argues the

trial court did not have personal jurisdiction over the State's underlying civil forfeiture claim

against him. We reverse the trial court's judgment dismissing Brown's bill of review, render judgment granting the bill of review, and remand for further proceedings consistent with this opinion.

## I.    BACKGROUND

On June 10, 2020, Brown and Kayla Michelle Glud were stopped in Brown's truck for a traffic violation. According to the seizing officer's affidavit, Glud advised the officer that she was in possession of methamphetamine. In response, the officer searched Glud and found approximately 11.8 grams of suspected methamphetamine. Brown then told the officer that he had a large sum of cash in the vehicle. The officer searched Brown's vehicle and located a second bag of suspected methamphetamine, ecstasy pills, $4,936.00 in cash, a check for $1,498.49, and five cell phones. Brown and Glud were arrested and charged with the manufacture or delivery of a controlled substance in penalty group one in an amount of four grams or more but less than two hundred grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d).

On July 23, 2020, the State filed a notice of seizure and intended forfeiture with respect to the items listed above. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02. The State alleged that "[t]he contraband was seized and is subject to forfeiture because it was used or was intended to be used in the commission of a felony offense under Chapter 481[] of the Texas Health and Safety Code." The State served Brown by sending the citation by certified mail to his address on July 27, 2020. The return receipt was signed by "Walter Brown Jr.," Brown's father. Brown did not file an answer, and on December 15, 2021, the trial court issued a default judgment against him. On February 2, 2022, Brown filed a motion to set aside the default judgment, alleging that he "did not find out about the default

2

judgment until January 25, 202[2]" and that he did not "receive any notice about a hearing or anything related to the [State's] proposal for a [d]efault [j]udgment" because he was in jail at the time. The court scheduled a hearing on Brown's motion for February 23, 2022; however, no transcript of the hearing or order addressing the motion appears in the appellate record.

On May 23, 2023, Brown filed a petition for bill of review in the trial court. In it, Brown alleged that the State "wrongfully obtained a default judgment against [Brown] for damages, forfeiture, and cost of . . . suit" because (1) he was not served with citation and (2) the State did not serve him within the thirty-day statute of limitations under Texas Code of Criminal Procedure Article 59. *See* TEX. CODE CRIM. PROC. ANN. art. 59.04(a). Specifically, Brown argued that the State attempted to serve him by certified mail, return receipt requested, but the return receipt was signed by his father. Because Rule 107 requires the return receipt to be signed by the "addressee," in this case "Walter Lee Brown III," he argued the service was defective. *See* TEX. R. CIV. P. 106, 107(c); *Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 916 (Tex. App.—Amarillo 2004, no pet.) ("If the return receipt is signed by someone else, then service of process is defective." (citation omitted)). Brown further argued that the State's underlying civil forfeiture suit was barred by limitations because the State filed its notice forty-three days after the date of seizure, which was past the thirty-day limitation period under Article 59. *See* TEX. CODE CRIM. PROC. ANN. art. 59.04(a) (stating that "the attorney representing the state shall commence proceedings under this section no[] later than the 30th day after the date of the seizure").

The trial court held a hearing on Brown's petition for bill of review on August 30, 2023. Brown argued that, because he was not served and the State did not issue

substitute service, the default judgment was void and the forfeiture proceeding should be dismissed for want of jurisdiction. He also reiterated that the reason he could not answer the State's motion for default judgment was because he "was locked up in jail at the time."

The State responded that Brown admitted he knew about the default judgment hearing because at the February 23, 2022 hearing on Brown's motion to set aside, Brown said his father told him about the State's notice of seizure and intended forfeiture. In response, Brown stated that he was not duly and properly served, and "case law would indicate that [he is] not responsible [n]or ha[s] any obligation to proceed into anything that [he] was not properly served with." The State argued "that improper service of process alone does not void a default judgment if the defendant had actual knowledge of the suit and the judgment within sufficient time to file a [b]ill of [r]eview." The State argued that because Brown had "actual knowledge" of the suit against him, Brown did not show a "meritorious defense" as is required for a bill of review. Finally, in response to Brown's argument that the State failed to serve him within thirty days of seizure per Article 59.4(a), the State argued that at the time of filing, "COVID orders had limitations suspended."

The trial court issued its findings of fact and conclusions of law on September 20, 2023, and denied Brown's bill of review. Pertinent here, the court found that Brown "admitted that he had received actual notice of the Original Notice of Seizure and Intended Forfeiture but he did not file any written answer or response before default." The court further concluded that the State's notice was timely filed because the deadline to file and serve the notice was extended to September 15, 2020, "under the Supreme Court of Texas Eighteenth Emergency Order Regarding the Covid-19 State of Disaster."

This appeal followed.

4

## II.    DISCUSSION

Brown argues that his bill of review should have been granted because the trial court in the underlying civil forfeiture case lacked personal jurisdiction over him. He seeks to vacate the default judgment and dismiss the State's civil forfeiture case.[1]

### A.    Standard of Review & Applicable Law

"When the attempted service of process is invalid, the trial court acquires no in personam jurisdiction over the defendant, and the trial court's judgment is void." *Benefit Planners v. Rencare, Ltd.*, 81 S.W.3d 855, 858 (Tex. App.—San Antonio 2002, pet. denied). Whether the court had personal jurisdiction is a question of law that we review de novo. *Coronado v. Norman*, 111 S.W.3d 838, 841 (Tex. App.—Eastland 2003, pet. denied) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)).

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex. 1989) (per curiam) (op. on reh'g). We review the granting or denial of a bill of review under an abuse of discretion standard. *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied). "A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles." *Garza v. Att'y Gen.*, 166 S.W.3d 799, 808 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citations omitted).

---

[1] The State did not file a brief in this appeal.

Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Caldwell*, 154 S.W.3d at 96. "Bill of review plaintiffs claiming non-service, however, are relieved of [the first] two elements ordinarily required to be proved in a bill of review proceeding." *Id.* Such plaintiffs must only prove the third element—that the judgment was rendered unmixed with any fault or negligence of their own. *Id.* at 97. The third and final element is conclusively established if the plaintiff can prove that he or she was never served with process. *Id.*

Texas Rule of Civil Procedure 106 governs the methods of serving a citation. *See* TEX. R. CIV. P. 106. Rule 106(a) states that, unless the citation or court order directs otherwise, service must be effectuated by delivering a copy of the citation and petition to the defendant in person or by registered or certified mail, return receipt requested. *Id.* R. 106(a). "When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." *Id.* R. 107(c).

## B. Service of Process

Brown first argues the trial court did not acquire personal jurisdiction over him because the State did not serve him with the citation. *See id.* He contends that he never received the citation for the original suit, nor was he notified of the default judgment hearing.

Brown does not dispute that he had actual knowledge about the pending lawsuit. Instead, quoting *Wilson v. Dunn,* Brown argues that he was under no duty to respond

6

because "[a] party who becomes aware of the proceedings without proper service of process has no duty to participate in them." 800 S.W.2d 833, 836 (Tex. 1990). The district court in *Wilson* authorized substitute service upon Dunn "without an affidavit or other evidence justifying such service as required by Rule 106(b) of the Texas Rules of Civil Procedure." *Id.* at 833–34. "Dunn nevertheless received citation and plaintiff's petition, but did not answer, and the trial court rendered default judgment against him." *Id.* at 834. Affirming the court of appeal's reversal of the default judgment, the Texas Supreme Court found:

> Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him. Rather, jurisdiction is dependent upon citation issued and served in a manner provided for by law. Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act. Consequently, Dunn's knowledge that Wilson had sued him and his actual receipt of suit papers is not sufficient to invoke the district court's jurisdiction to render default judgment against him.

*Id.* at 836–37 (internal citations omitted). The Court clarified that "Dunn had admitted *receipt* not *service*." *Id.* at 837. Then, it held "that a default judgment is improper against a defendant who has not been served in strict compliance with [the] law, even if he has actual knowledge of the lawsuit." *Id.*

The State cited *Layton v. Nationsbanc Mortgage Corp.*, 141 S.W.3d 760 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.), during the bill of review hearing for authority that "improper service of process alone does not void a default judgment if the defendant had actual knowledge of the suit and the judgment within sufficient time to file a [b]ill of [r]eview." However, *Layton* does not stand for that proposition. *See id.* at 763–64. In *Layton*, this Court held that improper service alone did not render a default

judgment void where the alleged defect was misspelling the defendant's name as "Nationsbank" rather than "Nationsbanc," and where it was "apparent from the record" that the defendant was actually served through its registered agent and had notice of suit. *See id.*

The State did not dispute that Brown was not served; instead, it argued only that he "had actual knowledge" of the notice, and by extension, the default judgment hearing. However, the record does not indicate that Brown was in fact notified of the default judgment hearing. And, even if Brown became aware of the civil forfeiture suit through his father, he was under no duty to participate in it. *See Wilson*, 800 S.W.2d at 836–37; *Ross v. Nat'l Ctr. for the Emp. of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) ("[T]hose not properly served have no duty to act, diligently or otherwise." (citing *Caldwell*, 154 S.W.3d at 97)); *see also Tummel v. MMG Bank Corp.*, No. 13-19-00097-CV, 2020 WL 2213966, at *5 (Tex. App.—Corpus Christi–Edinburg May 7, 2020, no pet.) (mem. op.); *$28,896.00 U.S. Currency v. State*, No. 13-11-00450-CV, 2012 WL 2606818, at *4 (Tex. App.—Corpus Christi–Edinburg July 5, 2012, no pet.) (mem. op.) ("In any event, the law does not require [appellant] to justify his failure to answer beyond showing that the papers he was served with did not '[s]trict[ly] compl[y]' with the rules governing service of citation.'" (citation omitted)).

We conclude Brown has established that the default judgment rendered against him was unmixed with any fault or negligence of his own because he was not served with process. *See Caldwell*, 154 S.W.3d at 96–97; *see also MYRMAC Corp. v. P.H.*, No. 02-16-00319-CV, 2017 WL 1173841, *2 (Tex. App.—Fort Worth Mar. 30, 2017, no pet.) (mem. op.) (reversing and remanding default judgment issued in civil forfeiture case

8

because the return receipt was not signed by the addressee's agent); *$9,000.00 U.S. Currency v. State*, No. 06-14-00041-CV, 2014 WL 5490946, at *2–3 (Tex. App.—Texarkana Oct. 30, 2014, no pet.) (mem. op.) (reversing the trial court's denial of appellant's bill of review and dismissing the suit because the certified mail return receipt was signed by someone other than the appellant and the trial court did not have personal jurisdiction over appellant); *$28,896.00 U.S. Currency*, 2012 WL 2606818, at *4 (reversing and remanding default judgment issued in civil forfeiture case because "the citation did not strictly comply with the rules governing service of citation because it did not contain the plaintiff's attorney's address"). Accordingly, we hold that the trial court abused its discretion when it denied Brown's bill of review because the trial court never acquired personal jurisdiction over him in the underlying civil forfeiture case.

We sustain Brown's first issue.[2]

### III.     CONCLUSION

We reverse the trial court's judgment, render judgment granting Brown's bill of review, and remand for further proceedings consistent with this opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
13th day of June, 2024.

---

[2] As noted, Brown also argues that the trial court abused its discretion when it denied his bill of review because the State failed to file its petition for forfeiture within the statute of limitations. *See* TEX. CODE CRIM. PROC. ANN. art. 59.04(a); *$3,639.00 U.S. Currency v. State*, 133 S.W.3d 698, 701 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see also Catt v. DeLozier*, No. 14-16-00524-CV, 2017 WL 2384636, at *5 (Tex. App.—Houston [14th Dist.] June 1, 2017, pet. denied) ("Several courts of appeals have referred to this [thirty-day] period [under article 59.04(a)] as the statute of limitations for commencing a Chapter 59 forfeiture proceeding." (citations omitted)). Because we dispose of Brown's first issue in his favor, we need not address this issue. *See* TEX. R. APP. P. 47.1.

9